909 F.2d 1485
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony WILLIAMS, Petitioner-Appellant,
v.
Terry L. MORRIS, Superintendent, Southern Ohio Correctional
Facility, Respondents-Appellees.
 No. 89-3866.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1990.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and WILLIAM H. TIMBERS, Senior Circuit Judge.*
 
 ORDER
 
 1
 Anthony Williams, a pro se prisoner, appeals the district court's judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Williams was convicted by a jury of aggravated robbery, in violation of Ohio Rev.Code Ann. Sec. 2911.01, with specification of a prior felony conviction, and of felonious assault, in violation of Ohio Rev.Code Ann. Sec. 2903.11, with specification of a prior felony conviction. He was sentenced to concurrent terms of imprisonment of twelve to twenty-five years on both convictions. His convictions were upheld on appeal.
 
 
 3
 Thereafter, Williams filed the instant habeas petition maintaining that the jury instruction on "reasonable doubt" violated due process. A magistrate issued a report recommending that the habeas petition be dismissed on waiver grounds because Williams' counsel had not objected to the jury instruction on "reasonable doubt" at trial. Williams objected to the magistrate's recommendation on the grounds that he was prejudiced by the instruction and that the state courts did not rely on the procedural bar but addressed the merits of his claims. The district court agreed and re-referred the case to the magistrate with instructions to address the merits of Williams' claims.
 
 
 4
 The magistrate filed a second report and recommendation which found Williams' claims to be without merit. The district court adopted the magistrate's recommendation over Williams' objections and denied habeas corpus relief. This appeal followed.
 
 
 5
 We have examined Williams' claims presented on appeal. The trial court gave a lengthy instruction on reasonable doubt. The first five paragraphs of the charge were taken directly from Ohio Rev.Code Ann. Sec. 2901.05(D) and have received the prior approval of this court. Thomas v. Arn, 704 F.2d 865, 869 (6th Cir.1983). The balance of the instructions consists of an elaboration on the first five paragraphs, largely in the form of paraphrasing. The court not only defines "reasonable doubt" but also attempts to define what constitutes an "unreasonable doubt."
 
 
 6
 Although the instructions would have been preferable without the elaboration, we do not think the elaboration created any confusion in the minds of jurors, nor did it impinge upon the presumption of innocence or shift the burden of proof. For an instruction to be prejudicial to the point that habeas relief is warranted, it must have "so infected the entire trial that the resulting conviction violates due process." Henderson v. Kibbe, 431 U.S. 145, 154 (1977).
 
 
 7
 Accordingly, for the reasons set forth in the magistrate's report and recommendation dated March 8, 1989, the district court's order denying habeas corpus relief is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William H. Timbers, United States Court of Appeals for the Second Circuit, sitting by designation